**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |
|---|---|
| DAVID S. BRAUN, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) Civ. Action No. 16-2079 (EGS) |
|  | ) |
| UNITED STATES POSTAL SERVICE | ) |
| and OFFICE OF MANAGEMENT AND | ) |
| BUDGET, | ) |
|  | ) |
| Defendants. | ) |

_____

## MEMORANDUM OPINION

Plaintiff, David Steven Braun, alleges that defendant
United States Postal Service ("USPS") somehow "allowed" his
legal name to be changed in an unspecified "national database."
He claims that this mistake has led to court-ordered electronic
surveillance of his residence, made it impossible for him to
obtain employment, left him without healthcare insurance, caused
him to be labeled a "mental subject" by the Federal Bureau of
Investigation ("FBI"), and had a myriad of other collateral
consequences.

Pending before the Court are four motions. First, Mr. Braun
moves for mandamus relief directing OMB to process tort claims
submitted to the Social Security Administration in 2014. Second,
the Office of Management and Budget ("OMB") moves to dismiss the
entire complaint for lack of jurisdiction and for failure to

state a claim. Third, USPS moves to dismiss Mr. Braun's allegations to the extent that they do not relate to his requests under the Privacy Act of 1974 ("Privacy Act"), 5 U.S.C. § 552a. And fourth, Mr. Braun requests that the Court take "corrective action" and change the name that appears on a Post Office ("P.O.") box owned by plaintiff. For the reasons set forth below, the Court grants defendants' motions and denies Mr. Braun's motions.

## I. BACKGROUND

### A. Factual Background

Mr. Braun, appearing *pro se*, brings this action under the Privacy Act. *See* Compl., ECF No. 1 at 1.[1] Mr. Braun alleges that he has made at least three requests for records from USPS under the Privacy Act, and that USPS has failed to release all the information in its possession relating to those requests. *See id.* ¶¶ 4-8, ECF No. 1 at 3.

In addition to alleging violations of the Privacy Act, Mr. Braun's 12-page complaint strings together a litany of

---

[1]    Mr. Braun does not consistently number the paragraphs in his complaint, nor does his complaint contain page numbers. As such, for ease of reference, the Court refers to both the paragraph numbers (where available) and the page numbers designated by ECF when citing to the complaint. Likewise, because Mr. Braun does not include page numbers on his motion papers, the Court refers to the page numbers designated by ECF when citing to these documents.

accusations that do not appear to relate to any particular cause
of action. *See id.* ¶¶ 1-30, ECF No. 1 at 4-12. These allegations
are lodged primarily at USPS. Mr. Braun claims that a post
office in Montana has "allowed fictitious tenants" to be listed
as living at Mr. Braun's physical address. *Id.* ¶ 15, ECF No. 1
at 8. The alleged addition of these names to his records has
purportedly, *inter alia*, permitted federal judges to "write an
electronic surveillance order," created errors in his medical
records, caused the Social Security Administration to deny his
disability claim, made it impossible for him to obtain
employment, and has caused "major problem's [sic][2] with [his]
phone and email services." *See, e.g.*, *id.* ¶¶ 5-9, 14-21, ECF No.
1 at 5-9.

   Mr. Braun also attaches over 100 pages of exhibits to his
complaint. *See* ECF No. 1 at 14-139.[3] Some of these exhibits
contain correspondence between Mr. Braun and the USPS Office of
the Inspector General or Inspection Service. *See, e.g.*, *id.* at

---

[2]    Mr. Braun's complaint and motion papers are riddled with
significant spelling and grammatical errors. For purposes of
readability, the Court does not include [sic] after each error
when quoting Mr. Braun's complaint or motion papers.

[3]    Because Mr. Braun's exhibits are not uniquely or
consecutively numbered – *see, e.g.*, ECF No. 1 at 59-60 (moving
from "Exhibit 8" to "Exhibit 10" with no "Exhibit 9"); *id.* at 72
(labeled as "Exhibit 14"); *id.* at 79 (also labeled as "Exhibit
14") – the Court refers to the page numbers designated by ECF
when citing to Mr. Braun's exhibits.

13-18. Other exhibits tangentially relate to the various allegations in Mr. Braun's complaint concerning the Montana post office and his belief that the fictitious names added to his records are responsible for some of the problems he has experienced. *See, e.g.*, ECF No. 1 at 59 (letter from County Attorney's Office informing Mr. Braun that he had been charged with disorderly conduct for his behavior at the post office); *id.* at 62-66 (current copy of Mr. Braun's resume); *id.* at 83 (results from an FBI search of Mr. Braun's fingerprints); *id.* at 86-97 (results of a background report for "David Steven Braun" from the PeopleSmart website); *id.* at 113-125 (FBI complaint form documenting Mr. Braun's visit to the Bozeman FBI office).

The relief sought by Mr. Braun is not wholly clear. Under a section titled "Requested Goal off this suite," Mr. Braun requests "that all records denied in this and previous request's be reviewed and processed for criminal/negligent behavior." *See id.* at 12. He further states that "[t]heir seams to be this database, record issues, that might also need a court order from a Federal Judge." *Id.* Finally, he requests "5,000,000 dollars a year for life, to compensate [him] for the negligence and malicious behavior and damaged caused buy the issues brought to light in this suite." *Id.*

**B. Procedural History**

Mr. Braun filed his complaint on October 17, 2016. On January 10, 2017, Mr. Braun filed a motion requesting mandamus relief directing the OMB to process the claims he submitted to the Social Security Administration. *See* Pl.'s Mot. to Compel, ECF No. 11. Attached to Mr. Braun's motion are two claims submitted on Standard Form 95, "Claim for Damage, Injury, or Death." *See* ECF No. 11-3 at 8-11. These claims seek compensation for alleged delays in paying Mr. Braun the lump sum, back-due benefits due to him after his disability benefits were approved by the Social Security Administration. *Id.* at 5-6. OMB filed its opposition to that motion on January 30, 2017. *See* OMB's Opp. to Pl.'s Mot. to Compel, ECF No. 20. Mr. Braun filed his reply one day later on January 31, 2017. Pl.'s Reply in Supp. of Mot. to Compel, ECF No. 21.

On January 30, 2017, defendants filed motions to dismiss Mr. Braun's complaint. OMB filed a motion to dismiss the entire complaint as barred by the doctrine of sovereign immunity and for failure to state a claim. *See* OMB Mot. to Dismiss, ECF No. 22. USPS filed a partial motion to dismiss, requesting dismissal of all of Mr. Braun's allegations except for those related to the Privacy Act. *See* USPS's Partial Mot. to Dismiss, ECF No. 23. On February 11, 2017 Mr. Braun filed an opposition to USPS's motion to dismiss. *See* Pl.'s Opp. to USPS Partial Mot. to

Dismiss, ECF No. 25. USPS filed its reply on February 21, 2017. *See* USPS's Reply in Supp. of Partial Mot. to Dismiss, ECF No. 27. Mr. Braun did not file any opposition to OMB's motion to dismiss.

On July 20, 2017, Mr. Braun filed another motion. *See* Mot. for the Court to Take Corrective Action ("Pl.'s Mot. to Correct"), ECF No. 37. In this motion, Mr. Braun asks the Court to "take what ever corrective action is necessary" to address the fact that the registration information for one P.O. box he owns omits his middle initial. *See id.* Defendants filed their opposition to Mr. Braun's motion on August 4, 2017. *See* Defs.' Opp. to Pl.'s Mot. to Correct, ECF No. 39. Mr. Braun filed his reply on August 6, 2017. *See* Pl.'s Reply in Supp. of Mot. to Correct, ECF No. 40.

## II.  LEGAL STANDARD

### A. Rule 12(b)(1) – Subject-Matter Jurisdiction

Federal district courts are courts of limited jurisdiction, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994), and a Rule 12(b)(1) motion for dismissal presents a threshold challenge to a court's jurisdiction, *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). To survive a Rule 12(b)(1) motion, the plaintiff bears the burden of establishing that the court has jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555,

561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Indeed, when it comes to Rule 12(b)(1), it is "presumed that a cause lies outside [the federal courts'] limited jurisdiction unless the plaintiff establishes by a preponderance of the evidence that the Court possesses jurisdiction." *Cofield v. United States*, 64 F. Supp. 3d 206, 211 (D.D.C. 2014) (citation and internal quotation marks omitted).

Because Rule 12(b)(1) concerns a court's ability to hear a particular claim, "the court must scrutinize the plaintiff's allegations more closely when considering a motion to dismiss pursuant to Rule 12(b)(1) than it would under a motion to dismiss pursuant to Rule 12(b)(6)." *Schmidt v. U.S. Capitol Police Bd.*, 826 F. Supp. 2d 59, 65 (D.D.C. 2011). As such, the court "need not limit itself to the allegations in the complaint," but rather, "may consider such materials outside the pleadings as it deems appropriate to resolve the question whether it has jurisdiction in the case." *Rann v. Chao*, 154 F. Supp. 2d 61, 64 (D.D.C. 2001) (citations and internal quotation marks omitted). Nor must the court "accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." *Id*. Still, in evaluating such a motion, the Court must "accept as true all of the factual allegations contained in the complaint," *Wilson v. District of Columbia*, 269 F.R.D. 8, 11 (D.D.C. 2010) (citation omitted), and

should review the complaint liberally while accepting all inferences favorable to the plaintiff, *see Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004).

Faced with motions to dismiss under Rule 12(b)(1) and Rule 12(b)(6), a court should first consider the Rule 12(b)(1) motion because "[o]nce a court determines that it lacks subject matter jurisdiction, it can proceed no further." *Ctr. for Biological Diversity v. Jackson*, 815 F. Supp. 2d 85, 90 (D.D.C. 2011) (citations and internal quotation marks omitted).

### B. Rule 12(b)(6) – Failure to State a Claim

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal quotation marks omitted).

Despite this liberal pleading standard, to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct.

1937, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted).

A claim is facially plausible when the facts pled in the

complaint allow the court to "draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Id.* The

standard does not amount to a "probability requirement," but it

does require more than a "sheer possibility that a defendant has

acted unlawfully." *Id.*

"[W]hen ruling on a defendant's motion to dismiss [pursuant

to Rule 12(b)(6)], a judge must accept as true all of the

factual allegations contained in the complaint." *Atherton v.

D.C. Office of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009)

(internal quotation marks omitted). In addition, the court must

give the plaintiff the "benefit of all inferences that can be

derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16

F.3d 1271, 1276 (D.C. Cir. 1994). A "*pro se* complaint is

entitled to liberal construction." *Washington v. Geren*, 675 F.

Supp. 2d 26, 31 (D.D.C. 2009) (citation omitted). Even so,

"[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements" are not sufficient to

state a claim. *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937.

# III.   ANALYSIS

## A. The Court Lacks Subject Matter Jurisdiction Over Mr. Braun's Request for Mandamus Relief.

Mr. Braun requests mandamus relief directing OMB to process the tort claims submitted pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C.§ 2671. These claims, which appear to have been submitted to the Social Security Administration on Standard Form 95, seek compensation for the government's alleged delay in awarding Mr. Braun Social Security benefits. *See* Pl.'s Mot. to Compel Ex. 3, ECF No. 11-3 at 8-11.

Standard Form 95 is a form developed by the Department of Justice to facilitate agency processing of FTCA claims. *Chung v. Chao*, 518 F. Supp. 2d 270, 272 n.2 (D.D.C. 2007). Although the FTCA constitutes a limited waiver of sovereign immunity and makes the federal government liable for certain torts, *see Sosa v. Alvarez-Machain*, 542 U.S. 692, 700, 124 S. Ct. 2739, 2747-48, 159 L. Ed. 2d 718 (2004), the Social Security Act creates an exception to that waiver. Specifically, in relevant part, the Social Security Act provides:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h). As OMB correctly argues, this provision, on its face, "bars district court federal-question jurisdiction over suits" that "seek to recover Social Security benefits." *Weinberger v. Salfi*, 422 U.S. 749, 756-57, 95 S. Ct. 2457, 2462, 45 L. Ed. 2d 522 (1975); *see also McKenna v. Comm'r of Soc. Sec.*, 156 F.3d 1231 (6th Cir. 1998) ("the Social Security Act precludes any claim under the Federal Tort Claims Act for the wrongful withholding of benefits").

In his reply, Mr. Braun argues that even if he cannot bring a motion compelling the OMB to process his FTCA claims for Social Security benefits, "[t]here are 7 other court cases listed that could easily Justify the submitted request." Pl.'s Reply in Supp. of Mot. to Compel, ECF No. 24 at 1. But Mr. Braun nowhere explains what relief he can obtain with respect to these other lawsuits from OMB. To the contrary, Mr. Braun admits that he "would agree that normally this is not something that would be submitable or dealt with buy the OMB." *Id.* at 2.

In short, the Court lacks jurisdiction over Mr. Braun's request that OMB process claims related to any Social Security benefits he may be owed. Accordingly, Mr. Braun's motion to compel OMB is denied. *See Thorn v. Soc. Sec. Admin.*, No. CIV.A. 04-1282 (RJL), 2005 WL 1398605, at *4 (D.D.C. June 11, 2005) (dismissing plaintiff's challenge to the Social Security

Administration's "refusal to make a lump-sum payment to plaintiff" for lack of subject-matter jurisdiction").

### B. The Court Has Jurisdiction Over Mr. Braun's Privacy Act Claims Because Those Claims Are Not Barred By Sovereign Immunity.

Next, both OMB and USPS argue that they are shielded from liability under the doctrine of sovereign immunity. OMB Mot. to Dismiss at 4 ("The Complaint . . . fails to identify a waiver of sovereign immunity that would permit this action to proceed against OMB."); USPS Partial Mot. to Dismiss at 5-6 (arguing that the FTCA's waiver of sovereign immunity does not apply to claims related "to loss, miscarriage, or negligent transmission of letters or postal matter").

It is well-settled that, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475, 114 S. Ct. 996, 1000, 127 L. Ed. 2d 308 (1994) (citations omitted). "Sovereign immunity is jurisdictional in nature," and the "'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Id.* (citation omitted). Accordingly, "waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192, 116 S. Ct. 2092, 2096, 135 L. Ed. 2d 486 (1996) (citations

omitted). Moreover, "a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Id.* (citation omitted).

As an initial matter, the Court agrees with USPS that, to the extent Mr. Braun alleges claims arising from USPS's purported "negligent transmission of letters" – *see* Compl., ECF No. 1 at 1 ("Their has been consistent problems with getting packages to their destinations in a timely fashion.") – those claims are barred under the doctrine of sovereign immunity. *See Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 489, 126 S. Ct. 1252, 1258, 163 L. Ed. 2d 1079 (2006) ("Congress intended to retain immunity, as a general rule, only for injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address").[4]

To the extent defendants assert that all of Mr. Braun's claims are barred by sovereign immunity, the Court rejects that argument. After all, the Privacy Act, 5 U.S.C. § 552a,

---

[4]     Indeed, Mr. Braun appears to concede as much. *See* Pl.'s Opp. to USPS Partial Mot. to Dismiss at 1 ("[T]here is 28 US Code § 1339, which gives this court Jurisdiction over any Civil action relating to the Post Office. Now I fully understand that this is not a waiver off Sovereign Immunity, and any accusation that would be found to be true in answering this complaint would either halve to be submitted through the Tortus process, or through the OMB[.]").

constitutes a limited waiver of sovereign immunity. *See FAA v. Cooper*, 566 U.S. 284, 291, 132 S. Ct. 1441, 1448, 182 L. Ed. 2d 497 (2012) (Congress "has consented to be sued for damages under the Privacy Act" because the statute "expressly authorizes recovery from the Government for 'actual damages'"). The statute contains four separate provisions pursuant to which a plaintiff may bring suit against an agency. 5 U.S.C. § 552a(g)(1). A review of Mr. Braun's complaint indicates that he intends to make a claim under § 552a(g)(1)(b), which provides a cause of action when an agency "refuses to comply with an individual request under subsection (d)(1) of this section." Mr. Braun also may intend to make a claim under § 552a(g)(1)(c), which provides for suit when an agency "fails to maintain any record concerning any individual with such accuracy . . . as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual." Given that these provisions expressly permit suit against federal agencies, Mr. Braun's claims under the Privacy Act are not barred by defendants' sovereign immunity.

## C. Mr. Braun Fails To State A Claim Against OMB.

Alternatively, OMB argues that it must be dismissed from this case under Rule 12(b)(6). *See generally* OMB Mot. to Dismiss, ECF No. 22. According to OMB, Mr. Braun's complaint "totally fails the plausibility standard" because the complaint "totally fails to identify a factual or legal basis upon which relief can be granted as to OMB." *Id.* at 4. The Court agrees that Mr. Braun fails to state plausible claims against OMB.

As the Supreme Court has explained, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In instances in which the plaintiff "cannot possibly win relief," a court may, *sua sponte*, dismiss a complaint under Rule 12(b)(6). *Baker v. Director, United States Parole Comm'n*, 916 F.2d 725, 726 (D.C. Cir. 1990)

Applying these principles here, the Court concludes that Mr. Braun failed to include sufficient factual allegations against OMB in his complaint to survive a motion to dismiss. The only allegations that reference OMB in Mr. Braun's complaint

relate to a supposed "settlement agreement" entered into by "the

US Government or the OMB." Compl., ECF No. 1 at 10. According to

Mr. Braun, this agreement somehow prevents "this and all other

law suits" from being settled. *Id.* at 9. But even if these

allegations were aimed at stating some cause of action – and the

Court cannot decipher a way in which they might – OMB's

involvement is purely speculative:

> 22. Is the Government aware off any agreement or
> database entry as such that would lead an attorney or
> Judge to believe that there is a legal reason why this
> case and any other case cannot settle for even 1
> dollar.
>
> 23. Can you produce this agreement.
>
> 24. Can you prove that I actually signed it, received
> any money from it, and that it was executed legally.
>
> 25. I don't believe you can answer yes to the above
> three questions. Please correct this buy removing the
> database entry and voiding any contract, or does this
> entry halve benefit, and feel it needs to remain. See
> item 25 for background.
>
> 26. I freely admit. This agreement did at one point
> halve use full side affects. It cause private
> companies to not be able to settle. As such, when they
> are dragged into court, chambers simple corrects the
> problem, and act's like a branch off law enforcement.
> As a result of these suits, problems halve been
> corrected, but this has denied me any kind of civil
> compensation. Unless this is corrected, I would expect
> this to ultimately cause my death.
>
> 27. I spoke with an attorney who was knowledgeable in
> this aria. ***He stated that the only two entities off
> the US Government that he has seen write contractual
> terms that would prevent any further Civil Activity is
> the CIA for employment agreements and the OMB in
> Settlement Agreements. In Exhibits 20 and 21, the OMB***

*responded to a records request that is has no Executed Agreements on file for the Plaintiff* and Exhibit 28 is an official denial off any employment agreement or record off employment with the CIA, which is the correct answer.

28. Note, in the interest of full disclosure, I halve included a record request denial from the CIA. Exhibit 29 and 30. These are denial's off records about my self, generated through request's to the operations center over the years. Executive order 13526 was cited. I am not sure how this database entry came to be, if it a result off these interaction's ok, but please let all parties be aware, there is no employment, training or contractual agreement with the agency that would affect the settlement process off this suite.

29. *I halve included the OMB as a defendant so that they halve representation.*

30. There is also some kind off do not correspond entry on my social security number/and or mailing address. I do not know how this got their. Can you remove it. I do not believe it was put their legally.

Compl. ¶¶ 22-30, ECF No. 1 at 10-11 (emphases added).

The remainder of Mr. Braun's complaint, however, is silent as to why OMB might need representation. After all, Mr. Braun's requests for information under the Privacy Act do not involve OMB. Nor do Mr. Braun's disjointed allegations regarding his concerns with the post office in Montana, the fictitious names of individuals that have been added to his mailing address, or his belief that the addition of these fictitious names is somehow responsible for the problems he is having. Indeed, these allegations do not plausibly state a claim, much less a claim against OMB. Although Federal Rule of Civil Procedure 8 "marks a

notable and generous departure from the hypertechnical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868. Accordingly, Mr. Braun's claims against OMB are dismissed.[5]

### D. Only Mr. Braun's Privacy Act Claims Against USPS Survive.

USPS also moves to dismiss all of the allegations in Mr. Braun's complaint except those that, "in whole or in part, . . . relate to claims Plaintiff brings under the Privacy Act." USPS Partial Mot. to Dismiss at 1, ECF No. 23. According to USPS, "[e]xcept for the three Privacy Act requests made to USPS, the allegations of the complaint are either unrelated to USPS or are implausible on their face." *Id.* at 2.

---

[5]     Although he has submitted ten filings since OMB's motion to dismiss was filed on January 30, 2017, Mr. Braun has not filed an opposition to OMB's motion to dismiss. Although ordinarily, before deciding a motion to dismiss, the Court would direct plaintiff to file an opposition brief and explain to him the risks of failing to do so, *see Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988), the Court concludes that such notice is unnecessary here because it is clear that Mr. Braun cannot possibly win relief. *See, e.g., Stankevich v. Kaplan*, 156 F. Supp. 3d 86, 96 (D.D.C. 2016) ("The Court may dismiss a complaint *sua sponte* pursuant to FRCP 12(b)(6) where it is 'patently obvious' that the plaintiff cannot prevail on the facts alleged in the complaint.").

In his opposition, Mr. Braun does not meaningfully respond to any of USPS's arguments. *See* Pl.'s Opp. to USPS Partial Mot. to Dismiss, ECF No. 25 at 1-3. Instead, he states that "failure to state a claim upon which relief can be granted should not stop the US Attorney from trying to answer the complaint and independently determine the truth off each individual accusation." *Id.* at 1. Mr. Braun further seems to assert that the Court should require USPS to answer "the rest off the complaint" so that the court can "consider the whole package" at some later date. *Id.* at 2.

The Court finds that, except for Mr. Braun's allegations relating to the Privacy Act requests, the complaint fails to state a claim upon which relief can be granted against USPS. Indeed, it is unclear what, if any, other claims Mr. Braun even seeks to bring. For example, although Mr. Braun's complaint references 5 U.S.C. § 552, the Freedom of Information Act ("FOIA"), Mr. Braun has expressly denied that he seeks relief under FOIA. *See* Pl.'s Resp. to Order of Court, ECF No. 19 at 1 ("I would just like to re-iterate the goal off this suite. I am primarily seeking financial compensation for harm that was done to me. . . . This case is brought under the Privacy Act, not FOIA[.]"). In any event, even if Mr. Braun were alleging a cause of action under FOIA, he "cannot state any tort claim for monetary damages regarding any FOIA request he may have made

because 'no money damages are available under FOIA.'" *Cofield v. United States*, 64 F. Supp. 3d 206, 213 (D.D.C. 2014) (citation omitted). Rather, "[t]he sole remedy available to a requester is injunctive relief." *Id.*

Likewise, as stated above, although Mr. Braun has a litany of complaints that he claims are the result of actions taken by a post office in Montana, *see* Compl. ¶¶ 1-21, ECF No. 1 at 4-9, none of those allegations plausibly state a legal claim. Mr. Braun's contentions that the post office somehow "allowed" his legal name to be changed in its "national database," and that that change resulted in electronic surveillance of Mr. Braun, made it impossible for him to obtain employment, or caused any of the other harms alleged in the complaint, are simply implausible. *See, e.g.*, *Smith v. Shimizu*, 544 F. Supp. 2d 15, 17 (D.D.C. 2008) (granting motion to dismiss because allegations that plaintiff was "victim of identity theft and that several properties in the District of Columbia have been taken from her and her family" by employees of the Smithsonian Institution and U.S. Botanical Gardens were "clearly baseless"); *cf. Kleiman v. Dep't of Energy*, 956 F.2d 335, 339 (D.C. Cir. 1992) (although plaintiff's claims were not "wholly insubstantial and frivolous" for purposes of establishing jurisdiction, they were insufficient to survive a Rule 12(b)(6) motion).

For all these reasons, USPS's partial motion to dismiss
pursuant to Rule 12(b)(6) is granted.

### E. Mr. Braun's Motion for Corrective Action is Not Well Taken.

Finally, in a separate motion, Mr. Braun also asks the
Court to "take corrective action." *See* Pl.'s Mot. to Correct,
ECF No. 37. In that motion, Mr. Braun explains that he has three
P.O. boxes at a post office in Montana. *Id.* at 1. Two of the
boxes are listed under the name "David S. Braun." *Id.* The third
box is listed under the name "David Braun." *Id.* Mr. Braun would
like the name associated with the third box changed to "David S.
Braun." *Id.* He claims that this error on part of the post office
constitutes yet another violation of the Privacy Act and
requests the court to "take what ever corrective action is
necessary." *Id.* at 1–2.

In their opposition, defendants assert that Mr. Braun's
motion fails because he may only obtain interim relief through a
"motion for a temporary restraining order and/or a preliminary
injunction" – and he has filed neither. Defs.' Opp. to Pl.'s
Mot. to Correct, ECF No. 39 at 2. In response, Mr. Braun claims
that he is, indeed, seeking "temporary injunctive assistance."
Pl.'s Reply in Supp. of Mot. to Correct, ECF No. 40 at 1.

Mr. Braun's request for preliminary relief is not well
taken. Even construed broadly, Mr. Braun's motion fails to

establish any of the requisites for granting a preliminary injunction. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."). To the contrary, as defendants point out, it appears that Mr. Braun may obtain relief by simply "asking the Post Office to change the name on the third [P.O.] box." Defs.' Opp. to Pl.'s Mot. to Correct at 2; *see also* Pl.'s Mot. to Correct at 3 (letter to CEO of USPS explaining that he would "try to correct" the problem and requesting that she "halve [her] staff try to see if they can find out how" his name had been changed). Accordingly, Mr. Braun's motion for corrective action is denied.

## IV. CONCLUSION

For the reasons stated above, defendants' motions to dismiss are **GRANTED**, and plaintiff's motions are **DENIED**. Plaintiff may proceed against defendant USPS with his claims under the Privacy Act. An appropriate Order accompanies this Memorandum Opinion.

SO ORDERED.          SIGNED:     **Emmet G. Sullivan**
                                 **United States District Judge**
                                 **September 27, 2017**

22