UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF COLUMBIA
_____
                                )
DAVID S. BRAUN,                 )
                                )
          Plaintiff,            )
                                )
     v.                         ) Civ. Action No. 16-2079 (EGS)
                                )
UNITED STATES POSTAL SERVICE    )
and OFFICE OF MANAGEMENT AND    )
BUDGET,                         )
                                )
          Defendants.           )
                                )
_____ )

## **MEMORANDUM OPINION**

Plaintiff David Steven Braun requested information from the United States Postal Service ("USPS") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and Privacy Act, 5 U.S.C. § 552a. USPS conducted what it considers to be a reasonable search in response to those requests and released the records that were not otherwise exempt from disclosure. USPS now moves for summary judgment, arguing that it has discharged its FOIA responsibilities. Mr. Braun also moves for summary judgment, requesting that the Court award him damages in the amount of $3 million dollars a year for the remainder of his life.

Upon consideration of the parties' cross motions, the oppositions and replies thereto, the applicable law, and the

entire record, the Court **GRANTS** USPS's motion for summary judgement and **DENIES** Mr. Braun's motion for summary judgment.

I.  **BACKGROUND**

Mr. Braun, appearing *pro se*, filed his complaint against USPS and the Office of Management and Budget ("OMB") on October 17, 2016. *See* Compl., ECF No. 1 at 1.[1] Mr. Braun alleges that he made at least three requests for records under the Privacy Act or FOIA to two different components of USPS: the USPS Office of Inspector General ("OIG") and the United States Postal Inspection Service ("USPIS"). *See id.* at 13-58.[2] The relief sought by Mr. Braun is not wholly clear. Under a section titled "Requested Goal off this suite," Mr. Braun requests "that all records denied in this and previous request's be reviewed and

---

[1]  Mr. Braun does not consistently number the paragraphs in his complaint, nor does his complaint contain page numbers. As such, for ease of reference, the Court refers to both the paragraph numbers (where available) and the page numbers designated by ECF when citing to the complaint. Likewise, because Mr. Braun does not include page numbers on his motion papers, the Court refers to the page numbers designated by ECF when citing to these documents.

[2]  Because Mr. Braun's exhibits are not uniquely or consecutively numbered – *see, e.g.*, ECF No. 1 at 59-60 (moving from "Exhibit 8" to "Exhibit 10" with no "Exhibit 9"); *id.* at 72 (labeled as "Exhibit 14"); *id.* at 79 (also labeled as "Exhibit 14") – the Court refers to the page numbers designated by ECF when citing to Mr. Braun's exhibits.

2

processed for criminal/negligent behavior." *See id.* at 12.³ He further states that "[t]heir seams to be this database, record issues, that might also need a court order from a Federal Judge." *Id.* Finally, he requests monetary damages "to compensate [him] for the negligence and malicious behavior and damaged caused buy the issues brought to light in this suite." *Id.*

On January 30, 2017, OMB moved to dismiss all of Mr. Braun's claims, and USPS moved to dismiss everything except Mr. Braun's Privacy Act claims. *See* OMB Mot. to Dismiss, ECF No. 22; USPS Mot. to Dismiss, ECF No. 23. The Court granted both defendants' motions, finding that Mr. Braun had failed to plausibly state a claim that entitled him to relief. *See Braun v. United States Postal Service*, 2017 WL 4325645 (D.D.C. Sept. 27, 2017). Accordingly, the only claims remaining are Mr. Braun's claims under the Privacy Act against USPS.

On December 8, 2017, USPS filed its motion for summary judgment as to these remaining claims. *See* USPS Summ. J. Mot., ECF No. 52. USPS also submitted a statement of facts ("SMF") in support of that motion. *See id.*, ECF No. 52 at 5-15. On January 15, 2018, Mr. Braun filed his opposition and cross-motion for summary judgment. *See* Braun Opp. to Mot. ("Braun Opp."), ECF No.

---

³ Mr. Braun's complaint and motion papers are riddled with significant spelling and grammatical errors. For purposes of readability, the Court does not include [sic] after each error when quoting Mr. Braun's complaint or motion papers.

3

53. Mr. Braun did not provide a response to USPS's statement of material facts. The parties completed briefing their motions on February 9, 2018, and the motions are ripe for resolution.

## II.  LEGAL STANDARD

Summary judgment is granted when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Likewise, in ruling on cross-motions for summary judgment, the court shall grant summary judgment only if one of the moving parties is entitled to judgment as a matter of law upon material facts that are not genuinely disputed. *See Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Justice*, 658 F. Supp. 2d 217, 224 (D.D.C. 2009) (citation omitted). In determining whether a genuine issue of fact exists, the court must view all facts in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

When considering a motion for summary judgment, the court must conduct a *de novo* review of the record. See 5 U.S.C. § 552(a)(4)(B). In a suit seeking agency documents — whether under the Privacy Act or FOIA — "the court may rely on a reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to

4

contain responsive materials (if such records exist) were searched" in granting summary judgment. *Chambers v. U.S. Dep't. of Interior*, 568 F.3d 998, 1003 (D.C. Cir. 2009) (citation and quotation marks omitted). Such affidavits or declarations are "accorded a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (citation omitted). Moreover, "[i]n determining a motion for summary judgment, the Court may assume the facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." Local Civil Rule 7(h)(1).

**III. ANALYSIS**

As a preliminary matter, although Mr. Braun made requests pursuant to the Privacy Act for certain records, the record systems holding those records are exempt from the requirements of the Privacy Act. *See* SMF ¶¶ 9-13, 36-38, ECF No. 52 at 6-7, 11-12. Because USPS proceeded to examine any responsive records for release pursuant to FOIA, the Court shall analyze the propriety of USPS's response under FOIA.

5

### A. Adequacy of Searches

"An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'" *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (quoting *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990)). "'[T]he issue is *not* whether any further documents might conceivably exist but rather whether the government's search for responsive documents was adequate.'" *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983) (quoting *Perry v. Block*, 684 F.2d 121, 128 (D.C. Cir. 1982)). The standard is one of "reasonableness" and is "dependent upon the circumstances of the case." *Id.* (citations and internal quotation marks omitted). To establish the adequacy of its search, an agency "may rely upon affidavits to show it has conducted a reasonable search, as long as they are 'relatively detailed' and nonconclusory and . . . submitted in good faith." *Id.* (citations and internal quotation marks omitted). If the requestor is able to produce "countervailing evidence" in response to the agency's affidavits, "and if the sufficiency of the agency's identification or retrieval procedure is genuinely in issue, summary judgment is not in order." *Morley v. CIA,* 508 F.3d 1108, 1116 (D.C. Cir. 2007) (citations and internal quotation marks omitted).

Here, Mr. Braun made three requests for records: one request directed to OIG, and two requests directed to USPIS. SMF ¶¶ 3-4, ECF No. 52 at 6. The request directed to OIG sought "the complete results of all three main investigation and any other complaint that were sent to hotline on three occasions." *Id.* ¶ 6, ECF No. 52 at 6. OIG searched its electronic files containing records of investigations, which are stored in a database known at the Case Reporting, Investigations Management, and Evidence System. *Id.* ¶ 9, ECF No. 52 at 6-7. OIG also searched a database containing Hotline complaints. *Id.* ¶ 12, ECF No. 52 at 7. As a result of its search, OIG found five files in the Hotline database consisting of 182 pages. *Id.* ¶ 15, ECF No. 52 at 7-8. OIG released ninety-seven pages in full, seventy-six pages with redactions, and referred nine pages to other components of the Postal Service where those records had originated. *Id.* ¶¶ 16-18, ECF No. 52 at 8.[4] A *Vaughn* index attached to the declaration submitted by OIG in support of its motion for summary judgment explains the legal basis for the redactions made to the documents. *Id.* ¶ 20, ECF No. 52 at 8. Most of the redactions were to withhold the names of individuals in records released to plaintiff. *Id.* ¶¶ 21-27, ECF No. 52 at 9-10.

---

[4] Of the nine pages referred to other components of the USPS, at least eight were released either in full or with limited redactions. *See* SMF ¶¶ 29-34, ECF No. 52 at 10-11.

The request directed to USPIS sought "the results of all investigation's/problems surrounding my 155 Aurora Light Dr. B10, Big Sky, MT 59716 rule ski condo" and "all records regarding my current and past addresses and any investigations and issues you are aware of." *Id.* ¶¶ 35, 44, ECF No. 52 at 11-12. USPIS searched its Inspection Service Integrated Information System, which it determined was the only database likely to have records responsive to plaintiff's requests. *Id.* ¶¶ 36-37, 48, ECF No. 52 at 11-12. A total of eleven pages of records were deemed responsive and released, either in full or with redactions. *Id.* ¶¶ 41, 45-47, ECF No. 52 at 12-13.

Mr. Braun does not contest the adequacy of these searches. *See* Pl.'s Mot. for Summ. J., ECF No. 53-1. In view of USPS's detailed and unchallenged affidavit concerning its searches, the Court concludes that USPS's searches were reasonably calculated to locate the documents sought by Mr. Braun.

    **B.    Propriety of Exemptions**

FOIA requires that agencies release all documents requested unless the information contained within such documents falls within one of nine exemptions. 5 U.S.C. § 552(a), (b). These statutory exemptions must be narrowly construed in favor of disclosure. *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976). The government bears the burden of justifying the withholding of any requested documents. *U.S. Dep't of State v.*

8

*Ray*, 502 U.S. 164, 173 (1991). Here, OIG and USPS partially withheld responsive documents pursuant to FOIA Exemptions 3, 6 and 7. Mr. Braun does not challenge the propriety of these withholdings. Braun Opp., ECF No. 53-1.

    **1.    Exemption 3**

Exemption 3 covers records that are "specifically exempted from disclosure by statute . . . provided that such statute either requires withholding "in such a manner as to leave no discretion on the issue" or "establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552 (b)(3); *see also Senate of the Commonwealth of Puerto Rico v. Dep't of Justice*, 823 F.2d 574, 582 (D.C. Cir. 1987). The Inspector General Act is one such statute, as it provides that OIG, after receipt of a complaint from an employee, shall not "disclose the identity of the employee without the consent of the employee." 5 U.S.C. App. 3 § 7(b). In addition, the Postal Reorganization Act specifically exempts from disclosure "information of a commercial nature . . . which under good business practice would not be publicly disclosed." 39 U.S.C. § 410(c)(2).

Here, the OIG redacted the names of employee witnesses in an investigation in two documents pursuant to the Inspector General Act. USPS Summ. J. Mot. Ex. A, Decl. of Kathy Kikel ("Kikel Decl."), ECF No. 52-1 ¶¶ 17-18. According to Ms. Kikel, the OIG "has a duty to protect the identities of employees who provide information to the USPS OIG pursuant to an investigation." *Id.* ¶ 17. USPS also redacted

9

an "ACE ID" — a unique identifier assigned to authorized users of Postal Service information resources — and a URL web address to an internal Postal Service information resource. USPS Summ. J. Mot. Ex. C, Decl. of Janine Castorina ("Castorina Decl."), ECF No. 52-3 ¶¶ 6-7. Ms. Castorina avers that "ACE IDs and URLs used to enable access to [Postal Service] information resources by authorized individuals qualify as commercial information under Section 410(c)(2)" because this technology is used "to meet business and customer service goals." *Id.* ¶ 10. According to USPS, disclosure of this information "would inhibit the Postal Service's ability to protect its information systems and effectively use technology to perform its mission." *Id.*

Mr. Braun does not object to these redactions, and the Court concludes that they satisfy the requirements of FOIA Exemption 3. The Inspector General Act expressly "refers to particular types of matters to be withheld," 5 U.S.C. § 552 (b)(3), because it forbids OIG from "disclos[ing] the identity of the employee" except in specified circumstances, 5 U.S.C. App. 3 § 7(b). Likewise, the Postal Reorganization Act describes information for which mandatory disclosure is not required by providing that USPS may "withhold information of a commercial nature," 39 U.S.C. § 410(c)(2). *See also, e.g.*, *Airline Pilots Ass'n, Int'l v. U.S. Postal Serv.*, No. 03-2384, 2004 WL 5050900, at *5 (D.D.C. June 24, 2004) (collecting cases finding that the Postal Reorganization Act falls within FOIA Exemption 3). Accordingly, both are qualifying statutes under FOIA Exemption 3. Moreover, USPS has established that the redacted information is the type that it would not normally disclose under the terms of the Postal

10

Reorganization Act because USPS "operates in a competitive market in which it must protect its information system and related proprietary information." Castorina Decl. ¶ 10. Accordingly, the Court concludes that the redacted information is exempt under FOIA Exemption 3 because the information is specifically exempted from disclosure by statute.

### 2. Exemptions 6 and 7

USPS also withheld names, phone numbers, addresses and other personal identifiers pursuant to FOIA Exemptions 6 and 7. FOIA Exemption 6 exempts from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Exemption 6 permits withholding of information when two requirements have been met. *See U.S. Dep't of State v. Washington Post Co.*, 456 U.S. 595, 598 (1982). The first requirement is that "the information must be contained in personnel, medical or 'similar' files." *Id.* The statutory formulation "similar files" is understood broadly to include any "[g]overnment records on an individual which can be identified as applying to that individual." *Id.* at 602 (internal quotation marks omitted). Thus, Exemption 6 permits exemption of "not just files, but also bits of personal information, such as names and addresses, the release of which would create[ ] a palpable threat to privacy." *Judicial Watch, Inc. v. FDA*, 449 F.3d 141, 152 (D.C. Cir. 2006) (internal quotation marks omitted). The

second Exemption 6 requirement is that "the information must be of such a nature that its disclosure would constitute a clearly unwarranted invasion of personal privacy." See *Washington Post Co.*, 456 U.S. at 598. This second requirement demands that a court "weigh the privacy interest in non-disclosure against the public interest in the release of the records in order to determine whether, on balance, the disclosure would work a clearly unwarranted invasion of privacy." *Lepelletier v. FDIC*, 164 F.3d 37, 46 (D.C. Cir. 1999) (internal quotation marks omitted). The only relevant public interest in this balancing analysis in a FOIA case is "the extent to which disclosure of the information sought would she[d] light on an agency's performance of its statutory duties or otherwise let citizens know what their government is up to." *Id.*

Exemption 7 protects from disclosure "records or information compiled for law enforcement purposes," but only to the extent that disclosure would cause an enumerated harm, see *FBI v. Abramson*, 456 U.S. 615, 622 (1982), including where disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy," 5 U.S.C. § 552(b)(7)(C). "To show that the disputed documents were compiled for law enforcement purposes, the [agency] need only establish a rational nexus between the investigation and one of the agency's law enforcement duties and a connection between an individual or

12

incident and a possible security risk or violation of federal law." *Blackwell v. FBI*, 646 F.3d 37, 40 (D.C. Cir. 2011) (internal quotation marks and citations omitted).

In deciding whether the release of particular information constitutes an unwarranted invasion of privacy under Exemption 7, [the Court] must balance the public interest in disclosure against the [privacy] interest Congress intended the Exemption to protect." *ACLU v. U.S. Dep't of Justice*, 655 F.3d 1, 6 (D.C. Cir. 2011) (internal quotation marks and citation omitted). The privacy interest at stake belongs to the individual, not the government agency, *see U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 763-65 (1989), and "individuals have a strong interest in not being associated unwarrantedly with alleged criminal activity," *Stern v. FBI*, 737 F.2d 84, 91-92 (D.C. Cir. 1984). When balancing the private interest against the public interest in disclosure, "the only public interest relevant for purposes of Exemption 7(C) is one that focuses on 'the citizens' right to be informed about what their government is up to.'" *Davis v. U.S. Dep't of Justice*, 968 F.2d 1276, 1282 (D.C. Cir. 1992). It is a FOIA requester's obligation to articulate a public interest sufficient to outweigh an individual's privacy interest, and the public interest must be significant. *See Nat'l Archives and Records Admin. v. Favish*, 541 U.S. 157, 172 (2004).

Here, pursuant to Exemptions 6 and 7, USPS redacted the names, employee identification numbers, phone numbers, physical addresses, and email addresses of USPS employees and private citizens. Kikel Decl., ECF No. 52-1 ¶¶ 19, 22; USPS Summ. J. Mot. Ex. B, Decl. of Kimberly Mungin ("Mungin Decl."), ECF No. 52-2 ¶¶ 12, 14. USPS asserts that identifying information of these employees and other individuals was redacted "because if [it] was released, those individuals could become targets of harassment." Kikel Decl., ECF No. 52-1 ¶ 21; *see also id.* ¶ 22 ("The individuals whose personal identifiers were withheld have privacy interests in their private information. Revealing this information could result in unwanted contact, threats, and harassment.); Mungin Decl., ECF No. 52-2 ¶ 13 ("Postal Inspectors and other law enforcement agents' identities were withheld because if their identities are released, they could become targets of harassing and/or their safety can be put at risk."); *id.* ¶ 15 ("I determined that withholding the names and or personal identifiers of law enforcement personnel or other individuals was necessary to protect them from potential harassment and efforts to gain further access to such persons or to additional personal information, and ensure their personal safety.").

Against these privacy concerns, Mr. Braun has not attempted to show any legitimate public interest supporting disclosure of these names, phone numbers, addresses, and other personally identifying information. Indeed, the Court does not see how disclosure of this information could "she[d] light on an agency's performance of its

14

statutory duties or otherwise let citizens know what their government is up to." *Lepelletier*, 164 F.3d at 46 (internal quotation marks omitted). Accordingly, the Court finds that USPS has properly invoked FOIA Exemptions 6 and 7.

### C. Segregability

If a record contains some information that is exempt from disclosure, any reasonably segregable information not exempt from disclosure must be released after deleting the exempt portions, unless the non-exempt portions are inextricably intertwined with exempt portions. 5 U.S.C. § 552(b); *see Trans-Pac. Policing Agreement v. U.S. Customs Serv.*, 177 F.3d 1022, 1027 (D.C. Cir. 1999). The Court has an "affirmative duty to consider the segregability issue." *Trans-Pac. Policing Agreement*, 177 F.3d at 1028. The reviewing court may rely on the agency's description of the withheld records and its declaration that it has released all segregable information to conclude that the agency has fulfilled its obligation to show with reasonable specificity why documents cannot be further segregated. *See Loving v. Dep't of Defense*, 550 F.3d 32, 41 (D.C. Cir. 2008).

Here, USPS's declarants aver that they "made every effort to segregate material that could be disclosed entirely or with minimal redactions." Kikel Decl., ECF No. 52-1 ¶ 25; Mungin Decl., ECF No. 52-2 ¶ 16 ("Each document was evaluated to determine if any information could be segregated and

15

released."). They further aver that it "was not possible to reveal any additional information without revealing the substance of the information exempted" and "only those portions that really needed to be withheld remained undisclosed." Kikel Decl., ECF No. 52-1 ¶ 25; Mungin Decl., ECF No. 52-2 ¶ 18. Based on these declarations, it appears that both OIG and USPIS redacted only what was necessary to protect the exempt information. Because the affidavits show with "reasonable specificity" why the documents cannot be further segregated, the Court concludes that USPS released all reasonably segregable information.

## IV. CONCLUSION

For the reasons stated above, USPS's motion for summary judgment is **GRANTED** and Mr. Braun's cross- motion for summary judgment is **DENIED**. An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

**SIGNED:** **Emmet G. Sullivan**
**United States District Judge**
**June 30, 2018**